
# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MARK ANTHONY ARMSTRONG,<br><br>    Petitioner,<br><br>v.<br><br>DERRAL G. ADAMS, Warden,<br><br>    Respondent. | No. EDCV 08-761 PA (AGR)<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED** |

On June 6, 2008, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). For the reasons discussed below, it appears that the one-year statute of limitations has expired.

The Court orders Petitioner to show cause, on or before ***July 11, 2008***, why this Court should not recommend dismissal with prejudice based on expiration of the one-year statute of limitations.

///
///
///
///
///

# I.

# **PROCEDURAL HISTORY**

According to the Petition, Petitioner was convicted of being a felon in possession of a firearm under Cal. Penal Code § 12021(a)(1) on September 24, 2005. (Petition at 2; Appendix at 2.) Petitioner was sentenced to 25 years to life under the Three Strikes Law. (Petition at 2; Appendix at 11.)

The California Court of Appeal affirmed the judgment on December 8, 2005. (Appendix at 1.)

Petitioner filed a petition for review before the California Supreme Court. (Petition at 3.) Although the Petition does not state the date, the California Supreme Court denied the petition for review on February 22, 2006. *People v. Armstrong*, Case No. S140355, 2006 Cal. LEXIS 2705 (2006).

Petitioner did not file any state habeas petitions. (Petition at 3.)

# II.

# **STATUTE OF LIMITATIONS**

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

Based on the record before the court, Petitioner was convicted and sentenced on September 24, 2005. (Petition at 2.) The California Court of Appeal affirmed the judgment on December 8, 2005. (Appendix at 1.) The California Supreme Court denied the petition for review on February 22, 2006. *People v. Armstrong*, Case No.

S140355, 2006 Cal. LEXIS 2705 (2006). Therefore, Petitioner's conviction became final 90 days later on May 23, 2006. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

Accordingly, absent tolling, the one-year statute of limitations expired one year later on May 23, 2007. 28 U.S.C. § 2244(d)(1)(A). Petitioner signed and mailed his federal habeas petition on June 2, 2008, over one year after the state of limitations expired. (Petition at 8 & proof of service.)

Therefore, the Petition is time-barred unless the statute of limitations was tolled. The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, the Petition indicates that Petitioner has not filed any state habeas petitions. (Petition at 3.) Given that Petitioner did not file any habeas petitions in state court before expiration of the one-year statute of limitations, the limitations period was not tolled at any time pursuant to 28 U.S.C. § 2244(d)(2).[1]

The Supreme Court has not decided whether § 2244(d) allows for equitable tolling. *Lawrence v. Florida,* 127 S. Ct. at 1085. Even assuming equitable tolling applies, Petitioner bears the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (citation and internal quotation marks omitted). The extraordinary circumstances must have been the cause of his untimeliness. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

The Petition does not indicate any basis for equitable tolling.

///
///
///

---

[1] The one-year statute of limitations is not tolled while a federal habeas petition is pending. *Lawrence v. Florida*, 127 S. Ct. 1079, 1083, 166 L. Ed. 2d 924 (2007).

## III.

## **ORDER TO SHOW CAUSE**

IT IS THEREFORE ORDERED that, on or before ***July 11, 2008***, Petitioner shall show cause, if there be any, why this Court should not recommend dismissal with prejudice of the Petition based on expiration of the one-year statute of limitations. Petitioner's response must explain why his Petition is not barred by the statute of limitations.

***Accordingly, if Petitioner does not timely respond to this Order to Show Cause, the Magistrate Judge will recommend that the Court order the petition dismissed, with prejudice, based on expiration of the one-year statute of limitations.***

DATED: June 11, 2008

ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE

4